```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

David T. Veale and
Scott W. Veale

   v.                                    Civil No. 11-cv-582-SM

Town of Washington et al.


**REPORT AND RECOMMENDATION**

Before the court for preliminary review is a complaint (doc. no. 1) filed by pro se plaintiffs David and Scott Veale. See 28 U.S.C. § 1915(e); United States District Court for the District of New Hampshire Local Rule 4.3(d)(1)(B). Because plaintiffs have failed to allege any cognizable claim, the court recommends that the complaint be dismissed.

**Discussion**

I.   Standard of Review

Pursuant to LR 4.3(d)(1)(B), the magistrate judge reviews the initial filings of all pro se plaintiffs filing in forma pauperis, to determine whether to direct that the complaint be served, whether to grant plaintiff leave to amend the complaint, or whether to recommend dismissal of claims for reasons set forth in 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(1).

See LR 4.3(d)(1)(B).  In conducting that preliminary review, the court construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine whether a complaint states a claim upon which relief may be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  That review requires the court to accept as true all non-conclusory factual allegations and all reasonable inferences drawn therefrom, even if "seemingly incredible," Ocasio-Hernández v. Fortũno-Burset, 640 F.3d 1, 12 (1st Cir. 2011), and then to determine whether those allegations "state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)); see also Ocasio-Hernández, 640 F.3d at 12 (explaining how complaint must provide fair notice to defendant and state a facially plausible claim).  Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw

on its judicial experience and common sense," without considering the likelihood of success on the merits.  Iqbal, 556 U.S. at 679; see also Ocasio-Hernández, 640 F.3d at 12-13 (explaining limits of court's discretionary review).

II.  Background

Plaintiffs Scott and David Veale (the "Veales" or, alternatively, "Scott" or "David") bring this civil-rights action against numerous defendants, including the Town of Washington, New Hampshire ("Town").  The complaint tells the following story.  On Thursday evening, December 11, 2008, a severe ice storm forced the Veales to abandon their bulldozer and equipment trailer on the side of a road, at the bottom of a hill, in the Town.  The Veales alerted the Town's Police Department ("Town P.D.") that they had left their vehicles because of the storm.  The next day, the storm still prevented the Veales from retrieving their equipment, and again they contacted the Town P.D. and obtained permission to leave the vehicles on the side of the road.

On Saturday, "in emergency weather conditions," the Veales attempted to move the bulldozer and trailer but could not.  The Town P.D. gave them another day to remove the vehicles, but they could not obtain a towing service on Sunday.  Finally, on

Monday, December 15, when Scott called the Town P.D. to report that they would get the bulldozer and trailer towed that day, he was told that the town had already removed them. Both vehicles were towed to a garage, and the Veales were required to pay $680.00 for their release. The Veales sought reimbursement for the bill from the Town's Board of Selectmen, but their request was denied.

The Veales also allege that at some point over that same weekend, Town Police Chief Steve Marshall learned that the Veales had a long history of legal cases and baseless complaints against other police departments, which had cost thousands of dollars to defend. Based on these facts, the Veales contend that the Town acted in bad faith and violated their civil rights by towing their vehicles.

Generously construing the complaint in the Veales' favor, as is required at this preliminary stage of review, the court finds that it asserts the following claims against all defendants[1]:

---

[1] Defendants include: the Town; the Town P.D.; Town P.D. Chief Marshall; Town Police Officer Smith; the Town Highway Department; Edward Thayer, Director of the Town Highway Department; an Unknown Town Highway Department employee; the Town Board of Selectmen; Selectman Ken Eastmen; Selectman Guy Eaton; and "other known and unknown defendants."

    1.   Discrimination actionable under 42 U.S.C. § 1985(3) (labeled by plaintiffs as counts II and VII);

    2.   Conspiracy to harass, intimidate, threaten and coerce plaintiffs in violation of their constitutional rights actionable under 42 U.S.C. § 1983 (labeled counts IV, V and VI);

    3.   Civil RICO claim based upon a conspiracy to harass and intimidate plaintiffs, in violation of 18 U.S.C. § 1621, et seq. (labeled count VIII); and

    4.   State tort law claims for negligence and conversion (labeled counts I and III).

III. Analysis

### A. Statute of Limitations

Because the incidents of which the Veales complain occurred on or before December 15, 2008, and the complaint was not filed until December 16, 2011, two days after the three-year deadline for commencing suit, this action is barred by the statute of limitations. See Owens v. Okure, 488 U.S. 235, 236, 240-41 (1989) (applying time limitations governing personal injury actions under state law to claims brought under 42 U.S.C. § 1983); see also Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001); N.H. Rev. Stat. Ann. 508:4(I) (1997) (providing three-year limitation period for all personal-injury actions other than slander and libel). All of the claims are time-barred, because they are based on incidents that occurred from December

11 through December 15, 2008, except for the Town Board of Selectmen's decision to deny the Veales' request for reimbursement, which, as discussed below, fails to state a cognizable claim for relief.

Moreover, nothing in the complaint, even generously construed, suggests that the Veales' failure to timely bring this action was beyond their control for purposes of equitably tolling the statute of limitations.  See, e.g., Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004) (explaining statute of limitations may be extended beyond statutory deadlines when "extraordinary circumstances . . . beyond the [plaintiff's] control have prevented him from filing on time").  For reasons explained below, however, even if the claims were not barred by the statute of limitations, this action should still be dismissed for failing to state a claim.

**B.  The Discrimination Claim (Counts II and VII)**

The discrimination claim alleges that defendants discriminated against the Veales on the basis of "false reputations they received from filing complaints in state and federal courts against other New Hampshire towns in the past for similar civil rights violations . . . ."  The Veales bring this claim under 18 U.S.C. § 1985(3), which creates a private cause

of action for injuries caused by two or more people conspiring for the purpose of depriving the claimant of the equal protection of the law.  See Diva's Inc. v. Bangor, 411 F.3d 30, 38 (1st Cir. 2005).  This claim fails because nothing in the complaint demonstrates that the Veales are members of an identifiable class protected by § 1985(3).  See id. at 38-39 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) to explain that the "conspiratorial conduct . . . [must be] propelled by some racial or perhaps otherwise class-based, invidiously discriminatory animus"); see also Aulson v. Blanchard, 83 F.3d 1, 5 (1st Cir. 1996) (holding that class-based discriminatory animus "must divide individuals into distinct, separate, and identifiable groups," based upon objective criteria).  For this reason, the claim in Counts II and VII should be dismissed.

    **C.  The Conspiracy Claim (Counts IV, V and VI)**

    The complaint next asserts that defendants "committed violations of [plaintiffs'] civil rights," through a "conspiracy . . . under color of law," to officially "harass, intimidate, threaten and coerce plaintiffs."  The complaint, however, fails to identify which civil rights were allegedly violated.  The complaint makes passing reference to defendants having towed the

Veales' bulldozer and equipment trailer because of their prior lawsuits, which sounds like a claim for retaliation.  But, the complaint fails to allege any facts that could possibly provide a causal link between the towing and the previous law suits against other police departments.  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011) (prima facie case of retaliation requires showing of causal link between adverse action taken and plaintiff's constitutionally protected speech or activity).  Similarly, with respect to the claim that the Board of Selectmen's denial of reimbursement was retaliatory, the complaint is deficient.  Nothing in the complaint suggests that the Selectmen were even aware of the Veales' litigation history.  The complaint, therefore, fails to show that the Selectmen's denial of reimbursement was motivated by a retaliatory animus.  See id.

The retaliation alleged against the defendants in this complaint can properly be characterized as the type of "'naked assertion' devoid of 'further factual enhancement'," Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), that fails to state a plausible claim for relief.  See Ocasio-Hernández, 640 F.3d at 12 (requiring court to use its common sense to distinguish claims that parrot a cause of action and those that allege even improbable misconduct but that would provide relief

if true).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (internal quotations omitted)).

Having failed to allege an underlying constitutional violation, the claims for conspiracy to violate plaintiffs' civil rights based on defendants acting "individually or jointly under color of law" necessarily fail.  See id. (requiring court reviewing for failure to state a claim to "identify[] and disregard[] statements . . . that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action" (internal quotation and citation omitted)); see also Estate of Bennett v. Wainwright, 548 F.3d 155, 178 (1st Cir. 2008) (defining conspiracy); Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (per curiam) (reading pro se complaints generously does not obviate need for material facts to support allegations of conspiracy); Boyle v. Barnstable Police Dep't, 818 F. Supp. 2d 284, 316 (D. Mass. 2011) (citing authority to dismiss conclusory allegations of conspiracy).  For these reasons, the claims alleged in Counts IV, V and VI should be dismissed.

**D. The RICO Claim (Count VIII)**

In Count VIII, the Veales allege a RICO conspiracy among the defendants. The complaint, however, contains no facts that could be construed as constituting a pattern of racketeering activity as is required to state a civil RICO claim. See Sys. Mgmt., Inc. v. Loiselle, 303 F.3d 100, 103-04 (1st Cir. 2002) (describing "pattern of racketeering activity" actionable in a civil RICO suit); see also 18 U.S.C. § 1964(c) (creating a private right of action for any person injured by a pattern of racketeering activity); id. § 1961(1) (listing crimes that are predicate acts for pattern of racketeering activity). Even if the allegation that the Town should not have towed the vehicles could be construed as criminal, see id., that single incident is not alleged to be related to any another crime. Thus, this count fails to plausibly assert a pattern of racketeering activity. See Sys. Mgmt., 303 F.3d at 105 (related criminal acts must implicate a continuing threat of criminal behavior). For this reason, the claims in Count VIII should be dismissed.

**E. State Law Claims**

Because all of the federal claims in this action should be dismissed for failure to state a claim upon which relief can be granted, the court should decline to exercise its supplemental

10

jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(c)(3).

## Conclusion

For the reasons set forth above, the court should dismiss this action. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

May 18, 2012

cc: David T. Veale, pro se
    Scott W. Veale, pro se

LBM: jkc